Miss Elise Joynes was a customer of the defendant. Her foot was cut by a fragment of a bottle which fell near her feet while while she was in the act of doing business with the defendant. The incident which caused her injury was inconsistent with the duty of a storekeeper to provide a safe place for its customers to do business with it, and the storekeeper and not the customer should explain it, because, under normal conditions, such things do not happen. The customer does not assume the risk of injury from unknown causes and cannot be said to do business with the storekeeper at her peril. Moreover, the record plainly shows that defendant's business was so large and its establishment so small that its customers were in constant danger of just such an accident. As has been stated in the majority opinion, the defendant operates two stands in the lobby of a bank building in the City of New Orleans. At one of these stands soft drinks are sold, and, though it is but eight feet long, an extraordinary business is transacted. For example, in 1939, the defendant sold 10,144 cases of Coca-Cola *Page 114 
of twenty-four bottles each, 880 cases of other soft drinks of the same number of bottles each, and 31,300 bottles of milk. Some of this business is done by a porter who peddles soft drinks throughout the bank building, but about 756 bottles daily are sold over this eight foot counter. Most of the drinks are consumed on the premises. The result is that the defendant's customers do not find sufficient room in front of the soft drink stand and move over to the candy stand, where they place empty bottles on the counters and on the "iron-claw" machine, where, according to the record, they frequently remain for some time, since the method of disposing of empty bottles is inadequate. Under the circumstances, it is, in my judgment, clearly incumbent upon the defendant to show that the accident which Miss Joynes suffered was due to some cause for which it was not responsible. The facts seem to me to present a classic case for the application of the doctrine of res ipsa loquitur.
For the foregoing reasons, I respectfully dissent.